## COURT OF CHANCERY
## OF THE
## STATE OF DELAWARE

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:     February 22, 2021
Date Submitted:   February 22, 2021

*Via U.S. Mail*
Edward Mack Kile
TDCJ-ID 1597761
Carole Young Medical Facility
5509 Attwater Avenue
12CXT
Dickinson, Texas 77539

Re:   *Edward Mack Kile v. The State of Texas*
      C.A. No. 2021-

Dear Mr. Kile:

You have petitioned this Court seeking the issuance of a writ of mandamus against the State of Texas to nullify the void order entered on October 7, 2009 due to a defect rendering the sentence void. You also seek approval to proceed *in forma pauperis* in this matter. I recommend that the Court deny your request to proceed *in forma pauperis* and, in the interest of efficiency, also dismiss your petition as legally frivolous for lack of subject matter jurisdiction. This is a final report.

### I. Background

Your petition claims that the life sentence ordered by a Texas state court for your conviction of murder is void because the trial court failed to establish competency. Specifically, you assert that "the trial court failed to convene a jury as per rule and conduct a hearing on competency, [which is a] defect [rendering] the sentence void."[1] You argue that "[m]andamus is a proper mode of attack upon a void judgment," and if a judgment is void, then "no court has the discretion to refuse to vacate that judgment once it recognizes its lack of jurisdiction."[2] You ask that this Court issue a writ of mandamus to nullify the void order entered on October 7, 2009, in the interest of justice.[3] You are currently incarcerated in Texas Department of Criminal Justice's Pack ONE Unit in Grimes County, Texas.[4] All of the actions related to this matter appear to have occurred in the State of Texas.

### II. Analysis

I have reviewed your application to proceed *in forma pauperis*. To proceed *in forma pauperis,* a litigant, who is an inmate, must provide a sworn affidavit addressing his ability to pay court costs or fees and a certification of his inmate

---

[1] Pet. for Writ of Mandamus, "Summ. of Facts."

[2] *Id.*, "Basis for Pet. for Writ of Mandamus," at 3.

[3] *Id.*, at 8.

[4] Mot. for Leave to Proceed *In Forma Pauperis*, at 2.

account.[5]  Upon review of the information provided, a court may grant the inmate leave to proceed *in forma pauperis*.[6]  Your motion to proceed *in forma pauperis* does not include a certified summary of your inmate account activity for the six-month period preceding the filing of the petition, which is required under 10 *Del. C.* §8804(a).  Therefore, given the strict statutory requirements of §8804(a), I recommend that the Court deny your motion to proceed *in forma pauperis*.[7]

However, in the interest of efficiency, I will also consider whether the petition is factually frivolous, malicious or legally frivolous.[8]  I recommend that the Court find the petition should be dismissed as legally frivolous for lack of subject matter jurisdiction.  Delaware's *in forma pauperis* statute defines a legally frivolous complaint as one that is "based on an indisputably meritless legal theory."[9]  The Court of Chancery is a Delaware state court of limited jurisdiction. It has subject matter jurisdiction over a case in three ways: (1) the plaintiff asserts

---

[5] 10 *Del. C.* §8804.

[6] *Id.*

[7] *Cf. State v. Buchanan*, 2012 WL 4150060, at *1 (Del. Super. Aug. 27, 2012); *State v. James*, 2002 WL 1292809, at *1 (Del. Super. May 24, 2002); *Eley v. Kearney*, 2001 WL 1628881, at *1 (Del. Super. Sept. 4, 2001), *aff'd*, 794 A.2d 600 (Del. 2002); *Johnson v. Howard*, 1999 WL 743902, at *2 (Del. Super. Aug. 12, 1999).

[8] 10 *Del. C.* § 8803(b). Although the analysis of whether a complaint is frivolous typically occurs after a court grants an inmate's motion to proceed *in forma pauperis*, I find it would be inefficient to require that the petition be refiled with the correct information only to be dismissed as legally frivolous for lack of subject matter jurisdiction.

an equitable claim; (2) the plaintiff requests equitable relief for which there is no adequate remedy at law; or (3) subject matter jurisdiction is conferred by statute.[10] When it appears that the Court lacks jurisdiction over the subject matter of an action, the action must be dismissed.[11] Because subject matter jurisdiction is non-waivable, a court has an "independent obligation to satisfy themselves of jurisdiction if it is in doubt."[12]

Here, your claim that the sentencing order is void because the trial court failed to conduct a competency hearing pertains to actions taken by a state court in Texas. Your petition does not show that your claims have any connection to, or activities in, Delaware, and requests relief that this Court cannot grant.[13] This Court has addressed similar issues previously and dismissed the petitions for lack

---

[9] 10 *Del. C.* § 8801(7); *McCoy v. Taylor*, 1998 WL 842322, at *2 (Del. Ch. Nov. 12, 1998).

[10] *Cf. Quarum v. Mitchell Int'l, Inc.,* 2019 WL 158153, at *2 (Del. Ch. Jan. 10, 2019) (citations omitted).

[11] Ct. Ch. R. 12(h)(3); *see also Baier v. Upper New York Inv. Co. LLC,* 2018 WL 1791996, at *5 (Del. Ch. Apr. 16, 2018) (citation omitted).

[12] *Appriva S'holder Litig. Co., LLC v. EV3, Inc.*, 937 A.2d 1275, 1284 (Del. 2007) (citation omitted).

[13] You ask that this Court issue a writ of mandamus to a Texas state court. "A writ of mandamus is designed to compel a lower court to perform a duty if it is shown that: the complainant has a clear right to the performance of the duty; that no other adequate remedy is available; and that the trial court has arbitrarily failed or refused to perform its duty." *In re Webb*, 23 A.3d 866 (Del. 2011). The Court of Chancery has no jurisdiction to issue a writ of mandamus to a Texas state court.

of subject matter jurisdiction.[14]  I find this Court lacks the authority to grant the relief you request, and recommend that the Court dismiss this petition as legally frivolous for lack of subject matter jurisdiction.

## III.    Conclusion

For the foregoing reasons, I recommend the Court deny your motion to proceed *in forma pauperis* and, in the interest of efficiency, also dismiss the petition as legally frivolous for lack of subject matter jurisdiction. This is a final report and I refer you to Court of Chancery Rule 144 for the process of taking exception to a Master's final report.

Respectfully,

/s/ Patricia W. Griffin

Patricia W. Griffin
Master in Chancery

---

[14] *Cf. Delgrosso v. United States*, 2018 WL 4091016, at *2 (Del. Ch. Aug. 28, 2018), *adopted,* (Del. Ch. 2018); *Michael-destry Williams © Tr. v. United States*, 2018 WL 2050363, at *2 (Del. Ch. Apr. 30, 2018), *adopted*, (Del. Ch. 2018); *Critchfield v. Rios*, 2016 WL 2755881, at *2-3 (Del. Ch. May 9, 2016).